ANNIE BELLEVILLE HUNTER, Respondent, v. FREDERICK WILLIAM HUNTER, Defendant.

Upon Motion of WILLIAM R. POWELL and SARAH E. HUNTER, as Executors, etc., of FREDERICK WILLIAM HUNTER, Deceased, as Substituted Defendants, Appellants, for an Order Modifying the Final Judgment Herein.

First Department, July 8, 1921.

Husband and wife — divorce — effect of death of husband pending motion to modify judgment to strike out alimony provision — substitution of executors of husband as defendants for purposes of motion — court has power to impose upon defeated party attorney and counsel fees and other expenses where order for reference entered by consent provided for payment thereof.

The death of a defendant in divorce proceedings after the rendition of judgment makes inoperative the provision for the payment of alimony after that date, but does not otherwise destroy the force of the judgment.

Accordingly, any question as to the liability to pay alimony after the remarriage of the wife may be passed on by the court after the death of the husband on a motion instituted prior thereto for the purpose of relieving him from the alimony provision in the decree of divorce.

The executors of the husband having been substituted as defendants on their own motion they cannot be heard to contend that the court was without jurisdiction thereafter to revive or entertain the motion then pending for the amendment of the alimony provision in the judgment for divorce and, furthermore, the court properly exercised its powers in reviving the motion, substituting the executors and continuing the proceeding.

The court had the power to impose upon the defeated party to the motion the expenses of the reference ordered to take testimony and to report and also the attorney and counsel fees of the wife, since the order for the reference was entered by consent and provided that the expenses including the fees for the referee be taxable against the party against whom the motion should be decided; the provisions of section 3251 of the Code of Civil Procedure limiting the court to ten dollars costs and necessary disbursements for printing and referee's fees was not controlling.

The term "expenses" in the order of reference was understood and intended by the justice and by the respective attorneys for the parties to include, among other things, the reasonable attorney and counsel fees incurred by the successful party in connection with the reference.

Inasmuch as the court has found that the affidavit upon which the motion for a modification of the judgment for divorce was based, which was to the effect that the plaintiff in the divorce action had remarried, was

wholly false, and that the husband induced and permitted the affiant to repeat under oath before the referee the false statements contained in the affidavit, it is proper that the entire expense that the plaintiff incurred to meet and overcome the perjury suborned by the husband should be repaid by him or his executors.

The effect of the order entered on the motion of the executors which provided for their substitution and the continuance of the motion and that it should be without prejudice to any of the proceedings already had upon said motion or in the action, and that all proceedings that might thereafter be had should be binding upon the plaintiff and upon the executors, was to require the personal representatives of the defendant to make pecuniary reparation out of the husband's estate for the expenses actually incurred by reason of his wrongful act.

APPEAL by William R. Powell and another from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of June, 1920, denying a motion to modify so much of a judgment of divorce as awarded alimony to the plaintiff.

*Carlisle Norwood* of counsel [*Thomas L. Walsh* with him on the brief], for the appellants.

*Henry L. Sherman* of counsel [*George H. Engelhard* with him on the brief; *Engelhard, Pollak, Pitcher & Stern,* attorneys], for the respondent.

PAGE, J.:

On or about November 25, 1916, the plaintiff obtained a final judgment of divorce in her favor and against the original defendant, Frederick William Hunter, now deceased, in an action brought in the Supreme Court, New York county, which also adjudged that Frederick William Hunter pay to the plaintiff alimony in the sum of $5,200 per annum, to be computed from the date of entry of the judgment, to be paid in equal monthly installments during the natural life of the plaintiff. Hunter paid to plaintiff the alimony down to and including the installments which became due January 6, 1918.

On or about February 23, 1918, Frederick William Hunter made a motion for an order modifying the final judgment by annulling the provision for alimony pursuant to section 1771 of the Code of Civil Procedure, upon the ground that the plaintiff had married one John Barrett Kerfoot at Perry,

Taylor county, Fla., on February 1, 1917. In support of the motion Hunter submitted the affidavit of John O. Culpepper, the county judge of Taylor county, Fla., stating that he had married the plaintiff and Kerfoot on February 1, 1917. Attached to the affidavit were photographic copies of the marriage license and the certificate of marriage, and a photograph of the marriage record book, a page of which constituted the license, the certificate of marriage, and the record thereof, all in the handwriting of Culpepper, in whose custody was the book. Culpepper also stated that he had visited Freehold, N. J., and recognized Kerfoot and the plaintiff as the persons whom he had married.

In opposition the plaintiff presented her affidavit and that of Kerfoot denying the marriage and stating that they were not in Florida at the time mentioned and giving detailed circumstances tending to prove their presence in New York and New Jersey on the three or four days preceding, and the same number succeeding February 1, 1917; and she presented also affidavits of a number of persons corroborating them.

Upon this conflict of statement the justice at Special Term appointed a referee to take the proofs of the parties and of their witnesses with respect to the question whether the plaintiff was married to Kerfoot at Perry, Taylor county, Fla., on February 1, 1917, and upon the further question whether any perjury had been committed or imposition practiced upon the court by any of the parties or any person acting in their behalf, and to report the evidence to the justice with his opinion. The order further directed each of the parties at his or her own expense respectively to produce for oral examination and cross-examination before said referee each of the individuals whose affidavits were recited in the order. It also provided, " that the expenses of said reference, including the fees for the referee and of his stenographer be taxable as part of the costs of this motion against the party against whom said motion shall be decided." Voluminous testimony was offered before the referee. After both sides had concluded, but before the report was made, Frederick William Hunter died, and letters testamentary were issued on May 12, 1919, to William R. Powell and Sarah E. Hunter. On the consent of the attorneys for both parties, and on

motion of the attorneys for the personal representatives of Frederick W. Hunter, an order was entered as follows:

" That the motion above mentioned for an order modifying the final judgment herein by annulling the provisions of said final judgment directing the payment of money for the support of the plaintiff and the aforesaid proceeding arising thereupon be continued in the names of Sarah E. Hunter as Executrix and William R. Powell as Executor of the last will and testament of Frederick William Hunter, and that the said Executrix and Executor, for the purpose of said motion be substituted as defendants in the place and stead of said Frederick William Hunter, deceased; it is further

" Ordered, that such substitution and continuance be without prejudice to any of the proceedings already had upon said motion or in this action, and that all such proceedings that may hereafter be had upon said motion, shall be binding upon the plaintiff and upon the said Executrix and Executor respectively, or inure to the benefit of the respective parties as the case may be, as if said motion had originally been made by said Executrix and Executor."

The referee thereafter filed his report in which he was of opinion that the plaintiff was not married to Kerfoot and that the license, marriage certificate and record thereof were fabrications of Culpepper and that Culpepper swore falsely in the affidavit submitted to the court and in his testimony given at the reference. The motion was thereupon brought on before the justice, who adopted the conclusions of the referee and embodied them in the order. He also found that Frederick William Hunter at the time of his death was indebted to the plaintiff in the sum of $5,633.29, and that the expenses of the reference reasonably and necessarily incurred and paid by the plaintiff upon the reference amounted to $6,650.05, and that in addition to the expenses paid the plaintiff had incurred $15,255 for fees and disbursements for her attorney and $15,000 fees for counsel; and the court directed that $36,945.05 be taxed as a part of the costs of the motion.

The personal representatives of Frederick William Hunter appeal from the order and each and every part thereof. The record does not contain any of the evidence before the referee,

and the order is attacked upon the appeal upon two grounds. The first is that upon the death of Frederick William Hunter the life of the judgment expired; that at that time the alimony then due was a fixed and judicial debt of record which could be enforced by the plaintiff against the estate; and that the court was without jurisdiction thereafter to revive or entertain the motion then pending for the amendment of the alimony provisions in the judgment of divorce.

The death of the defendant rendered inoperative the provisions for the payment of alimony after that date. The judgment itself did not " expire." It was in full force and vigor except as to future alimony. It fixed the amount of alimony to be paid, but did not determine what amount was unpaid; and a question as to the liability to pay alimony after the marriage of the wife, if it had been determined upon the motion that she had married, was open for judicial determination, whether her right ceased on the date of the marriage, on the date of the motion, or on the date of the entry of the order. All these questions the executors desired to have determined, we must assume, for it was on their motion that the order was entered reviving the motion and the proceedings thereunder and substituting them in place of the defendant. The time for them to take the position that there was nothing further to litigate and that the unpaid alimony had become a fixed debt for which they were liable, was at the time when they elected to continue the controversy. Having made the election, they cannot afterward repudiate their act and take an inconsistent position. Furthermore, large expenses had been incurred upon the reference, liability for the payment of which was to be determined by the result of the motion. If the proof had established the marriage, then the expenses paid by the defendant would have been directed to be paid by the plaintiff; otherwise the amount of the plaintiff's expenses became a debt of the estate which the executors would have to satisfy. The court properly exercised its powers in reviving the motion, substituting the executors, and continuing the proceeding.

*Second,* the appellants contend (a) that the court had no power to impose upon the defeated party any expenses of the motion other than the costs and disbursements allowed by

section 3251 of the Code of Civil Procedure; and (b) that it could not construe attorney and counsel fees as a part of the expenses of the reference directed to be paid.

(A) The order appointing the referee and providing for the payment of the expenses by the defeated party recites that it was entered on consent. If it had not been consented to the court would have been limited to imposing ten dollars costs and necessary disbursements for printing and referee's fees, as provided in section 3251. By consent the parties can agree that other expenses shall be included. If the order was not entered on consent the parties should have moved to resettle it. Having accepted it and acted under it, they may not now question its provisions.

(B) The court, in the order from which the appeal is taken, recited that the order of reference was made at the request of both parties when it appeared that the affidavits presented by one or the other must be false; and that the term " expenses " in the order of reference was understood and intended by the justice and by the respective attorneys for the parties to include, and by the court was now construed as including, among other things, the reasonable attorney and counsel fees incurred by the successful party in connection with said reference. And as evidence of said understanding on the part of the defendant's attorney he recited the fact that on the settlement of the order of reference they presented a proposed order providing for the payment of the " expenses of the reference other than attorney and counsel fees," which order he refused to sign, thereby showing that it was the intention of the court that such fees were included in the term " expenses; " and the further fact that the defendant did not move to resettle the order or otherwise challenge it, but proceeded with the reference.

The court has found that the affidavit upon which the motion was based was wholly false, and that the defendant induced and permitted the affiant to repeat under oath before the referee the false statements contained in the affidavit. It is, therefore, fit and proper that the entire expense that the plaintiff incurred to meet and overcome the perjury suborned by the defendant should be repaid by the defendant. Had Frederick William Hunter survived there could be no

question of the propriety of this requirement in the order, and the court would have been justified in imposing even more drastic terms. The order entered on motion of his personal representatives provided that their substitution and the continuance of the motion should "be without prejudice to any of the proceedings already had upon said motion or in this action, and that all such proceedings that may hereafter be had upon said motion, shall be binding upon the plaintiff and upon the said Executrix and Executor respectively, or inure to the benefit of the respective parties as the case may be, as if said motion had originally been made by said Executrix and Executor."

The effect of this portion of the order is to require the personal representatives of the defendant to make pecuniary reparation out of his estate for the expenses actually incurred by reason of his wrongful act.

In my opinion the order was right and should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.